# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ROBBIN ROGERS,** | ) | Case No. 5:13-cv-543 |
| | ) | |
| Plaintiff, | ) | **Judge Sara Lioi** |
| | ) | |
| v. | ) | **Magistrate Judge Kathleen B. Burke** |
| | ) | |
| **BOARD OF EDUCATION, WAYNE COUNTY JOINT VOCATIONAL SCHOOL DISTRICT,** | ) ) ) ) | **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| Defendant. | ) | |

Now comes Defendant, Wayne County Joint Vocational School District Board of Education, and for its Answer to Plaintiff's Complaint, hereby admits, denies, and avers as follows:

## FIRST DEFENSE

### JURISDICTION AND VENUE

1. Defendant admits that Plaintiff purports to set forth Counts I – III pursuant to the laws of the United States. The remainder of paragraph 1 of the Complaint asserts a legal conclusion for which no admission or denial in response is necessary.

2. Defendant admits that all events relevant to this action occurred in the Northern District of Ohio, Eastern Division. Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of Plaintiff's allegation regarding her location, and therefore denies same. The remainder of paragraph 2 of the Complaint asserts a legal conclusion for which no admission or denial in response is necessary.

### PARTIES

3. Defendant admits that Plaintiff is a 58 year-old female. Defendant further admits

that it employed Plaintiff as an 11th and 12th grade English teacher for students attending Wayne County Schools Career Center ("WCSCC"). Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of Plaintiff's allegation regarding her current residence, and therefore denies same.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint. Defendant further avers that it provides a wide range of educational opportunities for adults and students sixteen (16) years of age and older that are eligible to attend WCSCC.

**FACTS**

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits that Matt Brown was assigned to serve as Plaintiff's administrative mentor during the 2011-2012 school year. Defendant further admits that Mr.

Brown is younger than Plaintiff and has six years of classroom experience. Defendant denies the remaining allegations contained in paragraph 18 of the Complaint. Defendant further avers that Mr. Brown attempted to conduct weekly meetings with Plaintiff, but that Plaintiff gradually stopped participating in the meetings and would not accept or adopt Mr. Brown's recommendations on how she could improve her performance.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint. Defendant avers that on December 8, 2011, Principal Paul Brockett verbally informed Plaintiff that her attire (tight fitting spandex pants) was inappropriate for the school environment. Defendant further avers that on December 14, 2011, upon Plaintiff's request, Principal Brockett provided Plaintiff with a written explanation of his expectations and referenced specific School policies addressing appropriate professional attire.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant admits that Plaintiff sent a student to Mr. Woodruff for wearing leggings, but lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint, and therefore denies same.

22. Defendant admits that Mr. Brown instructed the student to put on school-issued scrub pants, but denies the remaining allegations contained in paragraph 22 of the Complaint.

23. Defendant admits that a meeting was held on December 15, 2011, between Superintendent Kip Crain, Jeff Schleich, Plaintiff and her union representative, and that Superintendent Crain stated that the meeting was not a disciplinary and that he did not want to terminate Plaintiff. Defendant denies the remaining allegations contained in paragraph 23 of the Complaint.

24. Defendant admits the allegations contained in paragraph 24 of the Complaint and

further avers that Mr. Schleich identified several other areas of continued concern regarding Plaintiff's performance.

25. Plaintiff fails to specify which "allegations" she alleges were untrue in the first sentence of paragraph 25. Thus, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth of the allegation asserted in the first sentence of paragraph 25 of the Complaint, and therefore denies same. Defendant further denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint. Defendant avers that Plaintiff has attempted to skew Superintendent Crain's statements by purposely piecing various statements together out of context and filling in the remainder with her own comments.

27. Defendant denies that it placed Plaintiff on a performance improvement plan on December 15, 2011, but admits the remaining allegations contained in paragraph 27 of the Complaint. Defendant avers that Plaintiff was issued a Plan for Improvement on January 3, 2012.

28. Defendant admits the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies Plaintiff's allegation that administrative staff were organized for the purpose of "watch[ing] for 'anything that would concern' them", but admits the remaining allegations contained in paragraph 29 of the Complaint. Defendant avers that Mr. Brockett gave three administrators the following instructions: "On the days that you are observing[,] if you see anything that would concern you[,] forward it to Jeff and myself."

30. Defendant denies the allegations contained in paragraph 30 of the Complaint. Defendant avers that from January 2012 through March 2012, Mr. Schleich monitored Plaintiff's

performance and non-performance under her Plans for Improvement.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant admits that Mr. Schleich issued Plaintiff a written reprimand on January 17, 2012 for her failure to follow through on certain items set forth in her initial Plan for Improvement. Defendant denies the remaining allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint. Defendant avers that upon request of Plaintiff and the union, Defendant agreed to withdraw and remove the written reprimand from Plaintiff's personnel file prior to Plaintiff grieving the matter.

34. Defendant admits the allegations of contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint. Defendant avers that upon request of Plaintiff and the union, Defendant agreed to withdraw and remove the written reprimand from Plaintiff's personnel file prior to Plaintiff grieving the matter.

36. Defendant admits the allegations contained in the first sentence of paragraph 36 of the Complaint, but denies the remaining allegations of the paragraph.

37. Defendant denies that the notices were sent to Plaintiff on February 16, 2012, but admits the remaining allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint. Defendant avers that it held investigatory meetings with Plaintiff and her union representative on February 16, 2012 and again on February 23, 2012, regarding both notices that were sent to Plaintiff.

39. Defendant admits that it was notified by Plaintiff during the disciplinary hearing that the three students at issue were removed from her classroom and assigned to alternative day

placement for two-days, and that Superintendent Crain did not know at the time. Defendant denies the remaining allegations contained in paragraph 39 of the Complaint.

40. Defendant admits that it accused Plaintiff of insubordination and issued her a written reprimand on February 23, 2012 for failing to follow directives outlined in her Plan for Improvement, which served as the second step under Defendant's progressive discipline policy. Defendant denies the remaining allegations contained in paragraph 40 of the Complaint and avers that investigatory meetings were held on February 16, 2012 and again on February 23, 2012.

41. Defendant admits the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint. Defendant avers that Plaintiff was appropriately disciplined separately for engaging in separate and unrelated acts: (1) insubordination for failing to follow several directives outlined in her Plan for Improvement over a period of several weeks; and (2) unprofessional behavior for yelling at a student and telling him to "shut up" in front of the class.

43. Defendant admits the allegations contained in paragraph 43 of the Complaint.

44. Defendant admits the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies that Plaintiff was disciplined for allegedly failing to grade a student's paper in a timely manner after a March 1, 2012 investigatory meeting, but admits the remaining allegations contained in paragraph 45 of the Complaint. Defendant avers that Plaintiff was disciplined for engaging in insubordinate and unprofessional behavior based on a series of actions and inactions that occurred between February 16, 2012 and February 23, 2012, including Plaintiff's unprofessional behavior towards a student and her supervisor, her failure to follow the directives outlined in her Plan of Improvement to check her mailbox and email twice daily and

her supervisor's directives to grade a student's paper and to return it to his mailbox before the end of the next school day, and her inconsistent statements regarding these series of events.

46. Defendant admits the allegations contained in paragraph 46 of the Complaint.

47. Defendant admits the allegations contained in the second sentence of paragraph 47 of the Complaint, but lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies same.

48. Defendant admits the allegations contained in paragraph 48 of the Complaint. Defendant avers that although he was out of the office on March 5, 2012, he did in fact contact the substitute teacher and discuss the first day's lesson plan.

49. Defendant admits that Plaintiff dual-filed a second charge on March 12, 2012, alleging age discrimination (OCRC Charge No. AKRA3 (36274) 03122012 and EEOC Charge No. 22A-2012-01550), but denies the remaining allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint. Defendant avers that Plaintiff emailed Mr. Schleich on March 23, 2012 and requested a meeting to discuss the upcoming reading workshop and also to do a pre-observation conference. Defendant further avers that in response to Plaintiff's email, Mr. Schleich informed Plaintiff that he would meet with her on March 26, 2012 in his office during Plaintiff's prep period. Defendant also avers that Mr. Schleich instructed Plaintiff to also complete and submit the pre-observation form that she had previously agreed to submit the week prior and to bring the final resume assignment and its grading rubric to the meeting.

51. Defendant admits that Plaintiff did not finish the necessary paperwork before the scheduled meeting time, but lacks knowledge and/or information sufficient to form a belief as to

whether Plaintiff attempted to compile the paperwork during the school day, and therefore denies same. Defendant further denies the remaining allegations contained in Paragraph 51 of the Complaint.

52. Defendant admits that Plaintiff arrived late for the March 26, 2012 meeting, but denies the remaining allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint. Defendant avers that Plaintiff was notified on March 29, 2012, that a meeting would be held to investigate possible disciplinary action regarding Plaintiff's conduct in Mr. Schleich's office during the March 26, 2012 meeting. Defendant further avers that Plaintiff was later notified of a meeting to investigate possible disciplinary action regarding the following: "[Plaintiff's] conduct in Mr. Schleich's office at a meeting on Monday, March 26th, submitting grades in a timely fashion, reading notes directive, grade changes, failure to provide appropriate plans to substitutes, and failure to meet lesson plans, assignments, and grade changes as identified in the plan of improvement."

54. Defendant denies that Plaintiff went on FMLA leave on March 30, 2012, but admits the remaining allegations contained in paragraph 54 of the Complaint. Defendant avers that Plaintiff's FMLA leave began after Spring Break on or about April 9, 2012.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint. Defendant avers that Plaintiff's FMLA leave began after Spring Break on or about April 9, 2012.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in the last sentence of paragraph 57 of the Complaint, but admits the remaining allegations of the paragraph.

58. Defendant admits that it held an investigatory meeting on July 26, 2012, which

ultimately resulted in level five discipline for Plaintiff. Defendant denies the remaining allegations contained in paragraph 58 of the Complaint. Defendant further avers that Plaintiff was notified of the possible level five discipline on April 12, 2012.

59. Defendant admits the allegations contained in paragraph 59 of the Complaint.

60. Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint, and therefore denies same.

61. Defendant admits the allegations contained in paragraph 61 of the Complaint.

62. Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint, and therefore denies same.

63. Defendant admits the allegations contained in paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint. Defendant avers it properly submitted an educator misconduct reporting form regarding Plaintiff to the Office of Professional Conduct for the Ohio Department of Education as required by law.

### COUNT I: AGE DISCRIMINATION, 29 U.S.C. § 621 *ET SEQ*.

65. Defendant re-adopts each and every admission, denial and averment as stated above in paragraphs 1-64 as if fully set forth herein.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint.

### COUNT II: ADEA RETALIATION, 29 U.S.C. § 621 *ET SEQ*.

70. Defendant re-adopts each and every admission, denial and averment as stated above in paragraphs 1-69 as if fully set forth herein.

71. Defendant admits the allegations contained in paragraph 71 of the Complaint.

72. Defendant admits the allegations contained in paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in paragraph 74 of the Complaint.

## COUNT III: FMLA RETALIATION, 29 U.S.C. § 2601 ET SEQ.

75. Defendant re-adopts each and every admission, denial and averment as stated above in paragraphs 1-74 as if fully set forth herein.

76. Defendant admits the allegations contained in paragraph 76 of the Complaint.

77. Defendant admits the allegations contained in paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in paragraph 79 of the Complaint.

## DEMAND FOR RELIEF

80. Defendant denies that Plaintiff is entitled to any of the relief demanded within the Complaint.

## GENERAL DENIAL

81. Defendant denies each and every allegation not expressly admitted herein.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

82. Discovery and investigation may reveal that one or more of the following additional defenses are available to Defendant in this matter. Defendant, therefore, asserts these additional defenses in order to preserve the right to assert them. After further discovery, and if the facts warrant, Defendant may withdraw one or more of these additional defenses as may be appropriate. Further, Defendant reserves the right to assert and pursue other additional defenses, counter-claims and other claims and defenses as the facts may warrant.

## SECOND DEFENSE

83. All or part of Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

84. All or part of the Complaint is barred because Plaintiff failed to satisfy all applicable conditions precedent to the filing of this Complaint.

### FOURTH DEFENSE

85. All or part of the Complaint is barred by the applicable statute of limitations and/or filing periods.

### FIFTH DEFENSE

86. All or part of the Complaint is barred because Plaintiff waived her claims against Defendant.

### SIXTH DEFENSE

87. All or part of the Complaint is barred because Plaintiff failed to exhaust her administrative remedies and to satisfy the statutory and/or administrative prerequisites prior to filing the Complaint.

### SEVENTH DEFENSE

88. All or part of the Complaint is barred as to any matters not contained in the administrative charges filed with the OCRC and/or the EEOC.

### EIGHTH DEFENSE

89. At all times relevant to the allegations contained in the Complaint, Defendant acted in good faith based with reasonable grounds for believing its actions were authorized by law and made decisions based solely on legitimate, lawful business reasons and devoid of any unlawful discrimination and/or retaliation.

### NINTH DEFENSE

90. To the extent Plaintiff purportedly complained of any discriminatory, retaliatory,

or otherwise unlawful conduct, she did not do so in good faith and lacked a reasonable belief that Defendant had engaged in any unlawful employment practice.

**TENTH DEFENSE**

91. All or part of the Complaint is barred because Defendant maintained, disseminated and enforced a clear policy against unlawful discrimination, harassment and/or retaliation, established reasonable and effective means of reporting and seeking relief from conduct believed to be discriminatory, harassing or retaliatory, and exercised reasonable care to prevent, investigate and promptly address, if needed, all alleged violations of law, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided.

**ELEVENTH DEFENSE**

92. All or part of the Complaint is barred because Defendant exercised reasonable care to prevent, investigate, and promptly address, if needed, all alleged violations of law.

**TWELFTH DEFENSE**

93. Defendant did not act with malice or reckless indifference to Plaintiff's rights or engage in, ratify, or condone any discriminatory, harassing, retaliatory, willful, wanton, intentional, or otherwise unlawful conduct toward Plaintiff.

**THIRTEENTH DEFENSE**

94. All or part of the Complaint is barred because Plaintiff would have lost her job despite her age and even if she had not taken FMLA leave.

**FOURTEENTH DEFENSE**

95. All or part of Complaint is barred because Defendant would have made the same decision to terminate Plaintiff's employment even if there had been no motive to discriminate against Plaintiff on the basis of her age and/or on the basis of Plaintiff having taken FMLA leave.

### FIFTEENTH DEFENSE

96. Plaintiff cannot recover punitive damages and/or compensation for alleged "non-pecuniary losses" because any such damages and/or losses are not compensable under the statutes which allegedly give rise to the claims asserted by Plaintiff in the Complaint.

### SIXTEENTH DEFENSE

97. Any award of punitive damages in this case would violate the constitutional safeguards provided to Defendant under the constitution of the United States.

### SEVENTEENTH DEFENSE

98. Plaintiff's alleged damages are limited by statutes and Plaintiff is not entitled to collect damages on more than one count as that would provide an improper double recovery.

### EIGHTEENTH DEFENSE

99. Plaintiff's claims for damages are limited by the after-acquired evidence doctrine.

### NINETEENTH DEFENSE

100. Plaintiff is not entitled to attorney's fees, costs, or expenses.

### TWENTIETH DEFENSE

101. Any harm suffered by Plaintiff is not the proximate cause of any actions or inactions by Defendant and Plaintiff is not entitled to damages from Defendant because any such damages were caused by intervening and/or superseding and/or pre-existing conditions, or Plaintiff's own misfeasance, malfeasance or nonfeasance.

### TWENTY-FIRST DEFENSE

102. Plaintiff is unable to prove the *prima facie* case required of her in order to prevail on the claims alleged in the Complaint.

## TWENTY-SECOND DEFENSE

103. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, bad faith and unclean hands due to various actions and/or inactions by Plaintiff.

## TWENTY-THIRD DEFENSE

104. Any recovery by Plaintiff is subject in whole or in part to recoupment and offset.

## TWENTY-FOURTH DEFENSE

105. Plaintiff is not entitled to damages, based on her failure to mitigate; alternatively, to the extent she did mitigate, Defendant is entitled to an offset.

**WHEREFORE**, having fully answered, Defendant prays that:

1. Judgment be rendered in its favor and against Plaintiff;

2. This Court dismiss the Complaint with prejudice;

3. Defendant be awarded its costs and disbursements, including reasonable attorneys' fees, and

4. This Court grant to Defendant such other relief as justice requires.

Respectfully submitted,

*/s/ Terry M. Billups*
David J. Millstone (0016722)
Terry M. Billups (0079675)
SQUIRE SANDERS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH 44114
T: 216/479-8500
F: 216/479-8795
david.millstone@squiresanders.com
terry.billups@squiresanders.com

Attorneys for Defendant,
*Wayne County Joint Vocational School District Board of Education*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2013, a copy of the foregoing **Defendant's Answer to Plaintiff's First Amended Complaint** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                               */s/ Terry M. Billups*
                                                               One of the Attorneys for Defendant,
                                                               *Wayne County Joint Vocational School District Board of Education*